UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANISHA BOWERS, et al.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 22-10792
Honorable Laurie J. Michelson

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE DR. NELSON'S TESTIMONY REGARDING EFFECTS OF MARIJUANA USE IN PREGNANCY [48]**

This case stems from the medical crisis that Tanisha Bowers underwent when giving birth to her son, EK. Most recently, the Court granted partial summary judgment in favor of Bowers, finding that the United States was liable for the doctor's malpractice that caused EK's injuries. (*See generally*, ECF No. 70.) Prior to a damages trial, the parties filed numerous motions in limine. (ECF Nos. 48, 60, 61, 62.) On May 21, 2025, this Court held an in-person hearing on these motions and provided some preliminary rulings.

Regarding Defendant's motion to preclude Plaintiffs' expert, Dr. Nelson, from testifying about the effects of marijuana use in pregnancy (ECF No. 48), the Court advised that, preliminarily, it was "inclined to limit Dr. Nelson's testimony to those professional opinions provided in his [expert] report that he is able to support using reliable principles and methods." (ECF No. 74, PageID.6081.) Since the hearing, the parties submitted a stipulated order advising that Dr. Nelson "will not offer life

expectancy testimony in this case." (ECF No. 76.) But the stipulated order did not address whether the parties had reached any consensus regarding testimony on the effects of marijuana use during pregnancy.

The Court now addresses that issue. Generally, "information not properly disclosed in an expert's reports will not be admissible at trial unless the failure to disclose was substantially justified or harmless." *See Yoe v. Crescent Sock Co.*, No. 15-cv-3-SKL, 2017 U.S. Dist. LEXIS 227504, at *11 (E.D. Tenn. Aug. 31, 2017). Of course, an expert is not limited to "simply reading his report" on the stand. *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). Instead, Federal Rule of Civil Procedure 26(a)(2)(B) "contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." *Id*. Nevertheless, the Court "should not permit experts to testify as to a wholly new, previously unexpressed opinion" for the first time on the stand. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 45 F. Supp. 3d 724, 760 (N.D. OH. 2014).

Here, as the Court addressed during the hearing, Dr. Nelson did not provide any opinions regarding the effects of marijuana on pregnancy in his expert report. (*See* ECF No. 54-3.) Nor did he in his supplemental report. (*See* ECF No. 47-7.) The issue only arose because defense counsel asked Dr. Nelson about the effects of marijuana on pregnancy during his deposition. (ECF No. 54-9, PageID.2986–2988.) As discussed during the hearing, Plaintiffs' counsel never intended on asking Dr. Nelson to testify about this subject.

Thus, while probably not necessary, the Court will GRANT Defendant's motion to preclude Dr. Nelson from testifying about the possible effects of marijuana use during pregnancy in response to questioning by Plaintiff's counsel on direct examination. If, however, defense counsel opens the door on cross examination—that is, if Defendant chooses to ask Dr. Nelson questions about this topic as they did during his deposition—the Court will allow Plaintiffs the opportunity to explore the topic on re-direct.

SO ORDERED.

Dated: August 21, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE